STEPHEN BRUSH, Exr., Respondent, *v.* WILLIAM LEE ET AL. Appellants.

*Justice's Judgment—Docket—Execution—Issuable by Whom ?*

When the judgment of a Justice of a District Court has been docketed with the Clerk of the Court of Common Pleas, the attorney, and not the Clerk of the County, is the proper person to issue the execution.

In March, 1860, one Edmonds moved a judgment in a district court of the city of New York, for about eighty dollars, against the Plaintiff's testator, for which an appeal was taken, but not the requisite steps to stay execution. A transcript of the judgment was docketed with the Clerk of the Court of Common Pleas, and an execution issued by A. B. Clark, an attorney for that court, to whom the judgment had been assigned by Edmonds to the sheriff of the city and county of New York, where the testator then resided, and where he had ample personal and real property to satisfy the same. Nothing was done by the sheriff upon this execution. A transcript of the judgment was shortly after docketed in Kings County, and an execution issued to the sheriff of the latter county by Defendant Niles, not an attorney, but a partner with Clark in the law business, in the name of Clark as attorney, upon which latter execution real estate in Brooklyn was levied upon and sold, and bid off by Edmonds for about one hundred dollars, being of the value over and above incumbrances thereon of about ten thousand dollars. The testator was entirely ignorant of the issue of either execution, and of the sale of the property in Brooklyn, and continued to receive the rents of the property until his death, March 18, 1863. The testator believed that the necessary steps had been taken, and the execution stayed by the appeal. Edmonds, shortly after the sheriff's sale, sold the certificate of the sale to Defendant Lee, who paid therefor the amount of the bid ; and the property not having been redeemed, either by the judgment debtor or any incumbrancer at the expiration of the time for that purpose, obtained a deed from the sheriff of the property sold, but which was not

placed upon the records for some time thereafter.   In the summer of 1863, the Plaintiff, to whom the property sold had been devised in trust, having learned the facts of the sale and conveyance by the sheriff, commenced this action to have the sale and conveyance adjudged void, for the reason that it was a cloud upon his title, basing his claim to such relief upon the ground that the execution was void, having been issued by the attorney; and that Niles had used the name of Clark in issuing the execution; and, also, that Niles and Lee had been guilty of fraud in issuing the execution, and concealing the sale and conveyance by the sheriff. The court, upon trial at Special Term, found as fact the Defendant Niles fraudulently concealed from the testator his acts in the premises, and that Defendant Lee was a party to such fraudulent concealment after becoming assignee of the certificate; and as conclusion of law, that the execution was void upon the ground that it was issued by the attorney of Plaintiff, and not by the clerk, and gave judgment declaring the sale and the sheriff's deed void, and ordering the cancellation of the same.   The Defendants took several exceptions to the decision as to the findings of fact and of law, but no exception raising the point as a question of law that there was no evidence whatever of fraudulent concealment.   After entry of judgment, the Defendants appealed to the General Term in the First District, and after affirmance by that Court appealed to this Court.

*Barrett* for Respondent.
*Dyett* for Appellant.

GROVER, J.—The Special Term erred in holding as a conclusion of law, that the execution should have been issued by the clerk, and not the party or his attorney.   Sec. 68 of the Code, among other things, provides that section 55 to 64, both inclusive, shall apply to the Justices' Courts of the cities, with the following among other exceptions:   And except also that in the city and county of New York a judgment of twenty-five dollars, or over, exclusive of costs, the transcript whereof is docketed in the office of the clerk of that county, shall have the same

effect as a lien, and be enforced in the same manner as, and be deemed a judgment of, the Court of Common Pleas for the city and county of New York. This it would seem could leave no doubt but that such judgments were to be enforced in the same manner as judgments rendered by the Court of Common Pleas of the city. The Code provides that these latter judgments shall be enforced by executions issued by the party or his attorney. It will be seen that it is by the 13th clause of section 64, that provision is made for the issuing of executions upon judgments of justices of the peace, where transcripts have been filed with county clerks by such clerks. The exception in 68, referred to above, does not make this clause applicable to the city and county of New York, but expressly provides another mode for the enforcement of the judgment. The execution was rightly issued by the attorney. There is nothing in the objection that the execution was issued by Niles, who was not an attorney, in the name of Clark. There is no rule of law or of public policy precluding an attorney from entering into an agreement with one not an attorney to enter his office and act as his clerk, compensating him therefor by giving him an interest in the business. In such a case, the attorney is responsible to the courts and to all interested to the same extent he would be if all the business was done by him personally. The exception to the proof offered upon trial as to the amount of the property of the testator was not well taken, for the reason that such proof could have no possible bearing on the case one way or the other. The party had just as clear a right to issue the execution to Kings County, and collect it there, if the testator had millions of property in New York, as he would have had if he had none there. This right so to do was perfect in either event. (Code, sec. 287.) It is clear that the right of the Defendants could not in any way be affected by such evidence, and where this is the case an exception to the evidence is unavailing. It is clear that but for the finding of the fact, by the Court at Special Term, that the Defendants fraudulently concealed the issuing of the execution to Kings County, the sale and

conveyance of the property by the sheriff, the judgment should be reversed and a new trial ordered.

If that fact was correctly found, it authorizes the judgment rendered. No exception that there was no evidence of such fraud was taken by the Defendants. Had such exception been taken, the question whether there was or was not any such evidence could have been reviewed in this Court. It is error of law for a Court to find a fact of which there is no proof whatever. But to make such error available in this Court, the proper exception presenting it must be taken to the Court below, as this Court, upon appeal, except in special cases regulated by statutes, reviews only questions of law passed upon by the Court below. I make these observations lest an affirmance should be regarded as an approval of the finding of fact by the Special Term in this case.

I have perused the case, and am wholly unable to see how such finding can be sustained. Neither Edmonds, his attorney, nor Lee, was under any obligation to inform the testator or his attorney of the issuing of the execution, or of the levy and sale of the property. It was the business of the testator and his attorneys, either to stay the execution upon the appeal, or protect his property, wherever found, from its operation. The judgment creditor had the right to collect his judgment in the mode pointed out by law; and if the testator had real estate in Kings, or any other county, it was no fraud upon him to collect the debt out of such property, although he had ample personal property in the city of New York, out of which such judgment might have been collected. So long as the creditor, his attorneys, and agents do no affirmative acts tending to mislead the debtor, and prevent him from protecting his property from sale, or redeeming real estate if sold, there is no ground for imputing fraud, and charging the consequence thereof upon the creditor or purchasers at sales. But, as above stated, the finding of fact cannot be reviewed in this Court. There is no exception that there was no evidence thus presenting it as a question of law; and it is not claimed, nor can it be, that it may be reviewed in this Court as a question of fact upon the weight of evidence.

The General Term might, and perhaps would, have reversed this finding of fact, had it not adopted the erroneous conclusion that the execution was void, not having been issued by the clerk; but this Court has no means of knowing this. It is concluded by the record as it is. The Appellant should have procured from the General Term a reversal of the finding of fact, if that was its conclusion, before appealing to this Court; and then it would have appeared that the judgment was based solely upon the ground that the execution was void, and then the reversal of the judgment now would have followed. But as the record now stands, the judgment must be affirmed.

All concur in result.

A majority held that the statute does not require the execution in such a case to be issued by the County Clerk. Affirmed.

JOEL TIFFANY,<br>State Reporter.